The opinion of the court was delivered by
Tilghman, C. J.
This was an indictment in the Mayor’s Court of the city of Philadelphia, against John Milliman and William M‘Ginley, two of the constables of the said city, fora nuisance in obstructing the passage in fifth street between-Chesnut and Market streets. The indictment was removed to this court and tried before me at nisi prius in January last. It was proved that the defendants having severally taken the goods of sundry persons in execution, by virtue of several executions, exposed them to sale at the same place in the public street. Some of the goods were placed on the-pavement, and reached as far as the curb stone — a crowd was assembled, and the way so much obstructed, that it was difficult for a man to pass, — but women generally went round without attempting a passage. There was evidence, that constables had been accustomed to make their sales in this way for many years. It was not quite clear, from the evidence, whether both the defendants acted jointly, or each conducted his sale separately. .1 directed the jury that a constable had no more right to obstruct the passage of a public street, than any other person. But *404 if they should he of opinion that the defendants acted separately, and each, conducted his own sale, and that one of them obstructed the passage, and the other did not, they might find one guilty, and. acquit the other. At the same time, I informed the counsel for the defendants that if they were dissatisfied with the charge, they should have liberty to move for a new trial. The juryfound both the defendants guilty. A motion has been made for a new trial on the ground of a misdirection of the jury, and' the counsel for the defendants have contended, that by virtue of the act of assembly of the 20th of March, 1810, and of the cu'stom which has prevailed, constables have a right to make their sales in the public streets,. and pláce the goods on the pavement, between the line of the street, and the curb stones.
Any act which renders,the passage of the highway less commodious to the people, is a nuisance. Hawk. Pl. book 1, ch. 75, sect. 48. Now it is certain that the passage of the street was rendered not only less commodious, but very difficult by the act of the defendants. Indeed their counsel do not deny that it would have been a nuisance at common law. Let us consider then, the act of assembly, and the custom, by which they attempt to justify their conduct. The act of assembly (March 20th, 1810, sect. 11. 5 Sm. Laws, 167,) only says, that the constable “shall expose the goods to sale by public vendue." If there could be no public sale, except in the public street, the defendants would staud justified. But it is not so. A public sale may be in the inside of a house, and all public sales in the city, except those of constables are so made. The auctioneers make public sales to an immense amount. They indeed, once claimed the right of placing the goods in the street, to the great annoyance of passengers. They relied also on custom, and had another argument to rest on, viz. that the commonwealth had an interest in the case, because the greater the amount of sales the greater was the revenue derived from the impost laid on them. But all this did not avail. It was decided by this court in the ease of The Commonwealth v. Passmore, 1 Serg. & Rawle, 217, that the placing of goods in the street, for the .purpose of sale, by a public auctioneer, was a nuisance. The principle of that case governs the present. The defendants cannot escape from it. It is as easy for them, as it is for auctioneers, to provide some places for the sale of goods taken in execution. And as for custom, it is but fifteen years since the making of the law, undér which the defendants justify. It is in vain to talk of a custom of but fifteen years standing in opposition' to an act of assembly. The law pays'no regard to it, any further than as it may be some evidence of an cotemporaneous exposition of the act of assembly. In that point of view it might have some weight if the case were doubtful. .But there are no words in the act, which upon any fair construction authorize what at common law would be a nuisance. The sale is to be public, that is, public notice is to be *405 given of it, and all persons are to have access to it, for the purpose of bidding. These precautions were necessary in order to prevent the sacrifice of goods taken in execution. But as to the place of sale, it is immaterial whether it be the street, or the inside of a house. In either case, the sale may be public. The constables* for their own convenience, undertook to make their sales in the street, and this, though inconvenient to the citizens, was submitted to, until the increase of business made the inconvenience greater and greater, at length the magistrates of the city found it necessary to interpose and bring the case to a judicial decision. It is the opinion of the court, that upon the evidence, the defendants were guilty of the nuisance charged in the indictment. ' The motion for a new trial is- therefore refused, and judgment is to be entered on the verdict.
Motion denied.